UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENNIFER LYNNE CARVER                                    CIVIL ACTION

VERSUS                                                  NO. 25-1789

U.S. DEP'T OF HOUS. AND URB. DEV.                       SECTION: N

## **ORDER**

Various motions are currently pending before the Court. This Order resolves two of them and orders supplemental briefing on the issue of Article III standing.

*First*, Defendant United States Department of Housing and Urban Development (HUD) filed a First Motion to Dismiss for Lack of Subject-Matter Jurisdiction, and in the alternative, a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Failure to State a Claim.[1] This Court subsequently granted Plaintiff Jennifer Lynne Carver leave to amend her Original Complaint,[2] which she did.[3]  HUD then filed a Second Motion to Dismiss for Lack of Subject-Matter Jurisdiction, and in the alternative, a 12(b)(6) Motion to Dismiss for Failure to State a Claim,[4] which remains pending. Accordingly, **IT IS ORDERED** that HUD's First Motion to Dismiss[5] is **DENIED AS MOOT**.

*Second*, Carver filed a two-page Motion for Preliminary Injunction.[6] "For a preliminary injunction to issue, a plaintiff must show: (1) a substantial likelihood of

---

[1] R. Doc. 13.
[2] R. Doc. 23.
[3] R. Doc. 24.
[4] R. Doc. 25.
[5] R. Doc. 13.
[6] R. Doc. 3.

success on the merits, (2) a substantial threat of irreparable harm absent the injunction, (3) that the harm she will suffer without the injunction outweighs the cost to comply with the injunction, and (4) that the injunction is in the public interest."[7] "A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four . . . prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule."[8] Although Carver proceeds *pro se*, even liberally construed, she has not adequately briefed any of the "four . . . prerequisites."[9] Because she has not carried her burden of demonstrating entitlement to this extraordinary relief, **IT IS FURTHER ORDERED** that Carver's Motion for Preliminary Injunction[10] is **DENIED**.

And *third*, "[a]lthough Article III constitutional standing was not raised by the parties . . . [the Court] must—where necessary—raise it *sua sponte*."[11] The Court has concerns about whether Carver has standing to pursue her claims, particularly as to the traceability and redressability elements. Accordingly, **IT IS FURTHER ORDERED** that the parties file simultaneous supplemental briefs, not to exceed ten (10) pages, addressing whether Carver has standing to pursue this action, on or before **Wednesday, August 5, 2026**.

---

[7] *Harrison v. Young*, 48 F.4th 331, 339 (5th Cir. 2022) (citing *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017)).

[8] *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618 (5th Cir. 1985).

[9] *Id.*

[10] R. Doc. 3.

[11] *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002).

New Orleans, Louisiana, this 21st day of July, 2026.

_____

ANNA ST. JOHN

UNITED STATES DISTRICT JUDGE